USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
KWOK CHING YU, :
:
:
Plaintiff, :
: 19-cv-6666 (LJL)
-v- :
: OPINION & ORDER
UNITED STATES OF AMERICA, :
:
Defendant. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioner Kwok Ching Yu petitions the Court for a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651 (the "Petition"). Petitioner challenges his 1992 conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and the mandatory life sentence he received for this conviction. For the reasons discussed below, the Court denies the Petition.

## BACKGROUND

On December 4, 1990, Petitioner was indicted on seven counts related to his conduct in running an international drug smuggling operation. *See* Dkt. No. 1, Ex. A (indictment). The seven offenses included one count of conspiracy to distribute heroin (21 U.S.C. § 846), one count of conspiracy to import heroin (21 U.S.C. § 963), being the principal administrator in a continuing criminal enterprise ("CCE") (21 U.S.C. § 848), two counts of importing heroin (21 U.S.C. § 952), and two counts of possession with intent to distribute heroin (21 U.S.C. § 841(a)(1)). *See Yu v. United States*, No. 99-cv-10272, 2000 WL 1844763, at *1 n.1 (S.D.N.Y. Dec. 15, 2000); *see also* Dkt. No. 1, Ex. A. Count Five of that indictment charged Petitioner

1

with being one of the principal administrators of a continuing criminal enterprise that engaged in a series of violations of the federal narcotics laws by importing and distributing more than 30 kilograms of heroin, and which generated substantial profits.

Petitioner's trial began on April 6, 1992 but resulted in a mistrial on April 23 after the jurors were not able to reach a unanimous verdict. Retrial began on December 1, 1992 and concluded on December 15, 1992 when Petitioner was convicted of all seven counts. *See Yu*, 2000 WL 1844763, at *1. On November 30, 1993, Judge Sweet imposed the congressionally-mandated life sentence for the CCE offense. *United States v. Yu*, No. 90-cr-0047, 1993 WL 497985, at *1 (S.D.N.Y. Nov. 30, 1993); *see also* 21 U.S.C. § 848(b). In addition to the life sentence, Judge Sweet imposed a five-year period of supervised release.

Petitioner directly appealed his conviction to the Second Circuit on the grounds of ineffective assistance of counsel, insufficient evidence, and prosecutorial misconduct. *Yu*, 2000 WL 1844763, at *1. The Second Circuit summarily affirmed his conviction on September 20, 1994, *United States v. Yu*, 41 F.3d 1501 (2d Cir. 1994), and denied his petition for rehearing and suggestion for rehearing en banc on December 21, 1994.

In June 1995, Petitioner sought a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure based upon a claim of newly-discovered evidence that a co-conspirator, whom the Government did not call as a witness and the defense did not locate for an interview, would not have added to the evidence against him at trial on a discrete component of the crimes charged. *United States v. Yu*, 902 F. Supp. 464, 467 (S.D.N.Y. 1995). The district court concluded that the alleged evidence was not newly-discovered and would not have led to an acquittal; the sufficiency of the evidence had been tested on four different occasions and found to

be sufficient on each occasion. *Id*. at 467-69. Petitioner appealed and the Second Circuit again summarily affirmed. *Kwok Ching Yu v. United States*, 101 F.3d 1393 (2d Cir. 1996).

In April 1997, Petitioner sought again to overturn his convictions by filing a motion under 28 U.S.C. § 2255. *Yu v. United States*, No. 97-cv-2816, 1998 WL 160964, at *1 (S.D.N.Y. Apr. 7, 1998). Petitioner raised several claims, including that (1) his dual conviction for conspiracy and the CCE offense violated the Supreme Court's ruling in *Rutledge v. United States*, 517 U.S. 292 (1996), (2) the Government failed to disclose exculpatory evidence, (3) the jury was improperly instructed, (4) the Government's cross-examination was improper, and (5) the Government's summation constituted prosecutorial misconduct. The district court considered that petition on its merits. All but one of Petitioner's arguments failed. Petitioner was successful on his first argument in light of *Rutledge*, which held that one cannot be convicted of both conspiracy and a CCE offense. As a result, the court vacated Petitioner's two conspiracy counts, leaving in place Petitioner's conviction on the five remaining counts: one CCE offense, two counts of importing heroin, and two counts of possession with intent to distribute heroin. The net effect was to leave one of Petitioner's two life sentences in place.

Following Petitioner's first § 2255 motion, in October 1999, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2255. *Yu*, 2000 WL 1844763, at *1. After the Second Circuit issued an order barring relief under § 2255, the district court considered a portion of the petition under § 2241 pursuant to the "savings clause" of § 2255. Judge Sweet first held that he could hear Petitioner's claim that, procedurally, he was innocent of the CCE conviction because the jury had not been instructed that it was required to find Petitioner guilty of each of the at least three felony convictions making up the continuing series of violations supporting the CCE charge in accordance with *Richardson v. United States*, 526 U.S. 813

(1999). Petitioner then argued that his conviction on the remaining non-CCE counts should be vacated because the instruction permitting the jury to consider these offenses as predicates for the continuing series of violations on the CCE charge improperly rendered the substantive counts lesser-included offenses, conviction on which was unconstitutionally duplicative of the CCE conviction. But Judge Sweet held that that claim could not be considered under the savings clause in § 2255 and was procedurally barred.

In a later opinion on the merits, the district court held that any error under *Richardson* was harmless because the jury unanimously found Petitioner guilty of six drug felony violations that made up the series of violations required by the CCE offense. *Yu v. United States*, 183 F. Supp. 2d 657, 662-64 (S.D.N.Y. 2002). The Second Circuit affirmed on the theory that Petitioner had failed to establish the necessary actual innocence to qualify under the savings clause in § 2255 and to allow a petition under § 2241. *Yu v. United States*, 54 F. App'x 332, 333 (2d Cir. 2002). Petitioner sought a petition for a writ of certiorari from the Supreme Court but that was denied. *Kwok Ching Yu v. United States*, 540 U.S. 903 (2003).

Petitioner filed two additional motions under § 2255 in 2004 and 2007, both of which were transferred to the Second Circuit as successive § 2255 motions and denied. *See* No. 04-cv-81812 (S.D.N.Y. Oct. 18, 2004), *authorization denied*, No. 04-5664 (2d Cir. Mar. 29, 2005); No. 07-cv-7671 (S.D.N.Y. Aug. 28, 2007), *authorization denied*, No. 07-3891 (2d Cir. Feb. 19, 2008). In 2016, Judge Sweet appointed counsel for Petitioner under the Criminal Justice Act to assist him with a motion for a sentence reduction under 18 U.S.C. § 3582, but that counsel concluded that Petitioner was not eligible for a sentence reduction due to the life sentence mandated by § 848. Petitioner still filed a motion for a sentence reduction, which Judge Sweet denied and the appeal of which the Second Circuit dismissed as lacking an arguable basis

4

either in law or in fact. *United States v. Kwok Ching Yu*, No. 90-cr-47, 2018 WL 1721759, at *3 (S.D.N.Y. Apr. 9, 2018); *United States v. Yu*, No. 18-1241 (2d Cir. Oct. 24, 2018).

## THE INSTANT ACTION

Having sought relief first on direct appeal, then through a Rule 33 motion, then under § 2255 several times, and finally under § 2241, Petitioner now seeks to use the ancient writ of *audita querela* again to get relief from his mandatory life sentence. The Court is mindful of the comments that Judge Sweet made at the time of sentencing. Those comments included:

> On November 30, 1993, the defendant Kwok Ching Yu does not face me for sentence but rather the unseen Members of Congress. This sentence raises serious ethical problems for the sentencing judge, and in my view for Congress, and our society. Under the mandated sentence imposed by Congress by the passage of 21 U.S.C. § 848, this first offender, 42 years old, must be sentenced—as a matter of law—to life imprisonment. This is a decree imposed arbitrarily without any knowledge about Kwok Ching Yu or any consideration of his circumstances other than the commission of the acts which Congress has defined as violations of the drug laws resulting from the importation of heroin into the United States.
>
> The rigidity of arbitrary mandatory minimum sentencing laws, in which the sentencing judge has no authority, has caused at least one judge, the Honorable J. Lawrence Irving of the United States District Court of the Southern District of California, to resign his commission. . . . Perhaps he considered, as I now do, the applicability of the Nuremberg principles of personal responsibility to this arbitrary and ministerial act dictated by Congress.
> . . . .
> My only options in the face of the statute and the present state of the law are to follow Judge Irving's example and to resign to protest a process which I believe to be fundamentally flawed, or to execute a Congressional mandate without further consideration or authority. With serious misgivings but because the issue of the propriety of mandatory minimum sentences is now pending before Congress, I shall sentence the defendant to life imprisonment and forward these sentencing minutes and his probation report to the members of the Judiciary Committees of the House and Senate.

*Yu*, 1993 WL 497985, at *1.

By this point, Judge Sweet had the opportunity to directly observe Petitioner for over two years while this case was pending. He presided over Petitioner's trial and was intimately familiar with the facts of the case. He also would have been familiar with Petitioner's personal

5

circumstances from the presentence report, the sentencing submissions, and his own observations of Petitioner's demeanor. Although Petitioner was convicted of extremely serious offenses, Judge Sweet also noted that Petitioner was a first-time offender. *Id.* Judge Sweet was also one of the most well-respected Judges of this Court, and at the time of Petitioner's sentencing, he had served 15 years on the bench and had seen and sentenced many defendants.

Over a quarter of a century has passed since Judge Sweet sentenced Petitioner. Judge Sweet's evaluation of Petitioner appears to have been prescient. Mr. Yu is now 68 years old.[1] He is a first-time offender with a minimal disciplinary history. Dkt. No. 10, Ex. A. The documentary record before the Court reflects that he has had a clean disciplinary record in prison over the last eight years and has been a model inmate. He has submitted his Inmate Skills Development Plan that shows, without dispute, that he has a history of positive long-term employment, programming and positive adjustment. *Id.*, Exs. A-B. His progress report reflects that he has discharged all of his court-ordered obligations and that he has a proposed release plan (which would involve residing with his sister in New York). *Id.*, Ex. A.

Yet, Petitioner remains in prison. The political branches have yet to act on Judge Sweet's comments in a manner that would help Petitioner. This Court, however, is constrained to evaluate Petitioner's application according to the principles of law, relegating Petitioner to those political branches to make his appeal. Applying those principles, the Court denies the Petition.

---

[1] The United States Sentencing Commission has noted that older defendants are much less likely to reoffend than younger defendants. *See* U.S. Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders* 3 (2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf ("Over an eight-year follow-up period, 13.4 percent of offenders age 65 or older at the time of release were rearrested compared to 67.6 percent of offenders younger than age 21 at the time of release.").

**DISCUSSION**

Petitioner raises several issues in the instant Petition. Liberally construing Petitioner's *pro se* Petition, as I must, the Court draws three distinct arguments from the pleading. Petitioner first argues that his CCE conviction under § 848(a) and § 848(b) violated the Double Jeopardy Clause and related principles of statutory construction. Second, he argues that his life sentence for his CCE conviction violated the Sixth Amendment Jury Trial Clause because each element was not submitted to the jury. Finally, he argues that he should be resentenced under current sentencing laws and guidelines. Those claims lack merit procedurally and substantively.

As an initial matter, the claims are not properly brought pursuant to a writ of *audita querela*. The All Writs Act, 28 U.S.C. § 1651, the statutory source for Petitioner's claim, is "a residual source of authority to issue writs that are not otherwise covered by statute." *Pa. Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specially addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* Moreover, the writ of *audita querela* only "remains available in limited circumstances with respect to criminal convictions." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). Those circumstances are few. It "is generally limited to cases where 'the absence of any avenue of collateral relief would raise serious constitutional questions about the laws limiting those avenues.'" *Persico v. United States*, 418 F. App'x 24, 25 (2d Cir. 2011) (quoting *Richter*, 510 F.3d at 104). The writ "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Richter*, 510 F.3d at 104 (quoting *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)). "[T]he writ is generally not available to review a criminal conviction when the petitioner could have raised his

or her claims in a 28 U.S.C. § 2255 motion." *Persico*, 418 F. App'x at 25. "[A]*udita querela* is not available even in those cases where a petitioner is precluding from raising his or her claims in a successive § 2255 motion because a previous § 2255 motion was denied on the merits." *Id.*; *see also Canini v. United States*, No. 04-cr-283, 2015 WL 4509684, at *2 (S.D.N.Y. July 24, 2015).

Petitioner's claims are not properly brought pursuant to the All Writs Act and the writ of *audita querela*, and the Petition must be denied for that reason alone. The relief he seeks is covered by statute. "[A]s a federal prisoner challenging the legality of his conviction, the relief he seeks is covered by statute, to wit, 28 U.S.C. § 2255." *Legrano v. United States*, 513 F. App'x 6, 7 (2d Cir. 2013); *see Pena v. United States*, No. 00-cr-0036, 2020 WL 183216, at *2 (S.D.N.Y. Jan. 13, 2020) ("Because the Defendant is challenging the legality of his conviction, he is required to pursue a motion pursuant to 28 U.S.C. § 2255 (as opposed for example pursuant to the All Writs Act, 28 U.S.C. § 1651(a))").

Petitioner's first two challenges are based on the language of the indictment—a charging instrument made available to him in 1990—and his conviction by a jury in 1992. The third claim is based on the length of his sentence and the procedures used in imposing that sentence. The claims he makes now could have been made on direct appeal, in a § 2255 motion, or in petition under § 2241. In fact, Petitioner did attack his CCE conviction and the related jury instructions on numerous prior occasions; all such claims failed. The law does not permit him this one last chance for a bite at the apple. *See United States v. Sperling*, 367 F. App'x 213, 214 (2d Cir. 2010) ("The instant case does not justify this unusual form of relief [because] it is not so that no other avenue of judicial review was available."); *United States v. Mason*, No. 96-cr-126, 2019 WL 1594244, at *3 (S.D.N.Y. Apr. 15, 2019); *see also United States v. Valdez-Pacheco*, 237

F.3d 1077, 1080 (9th Cir. 2001) ("Because [petitioner's] claims are cognizable in a § 2255 motion to vacate his conviction and sentence, the writ of *audita querela* is not available to him."). That § 2255 is no longer available to Petitioner does not give him grounds to seek relief through the *audita querela*. *See Persico*, 418 F. App'x at 25; *Canini*, 2015 WL 4509684, at *2.

Even if relief under *audita querela* were available, Petitioner's arguments fail as a substantive matter.

First, Petitioner argues that his CCE conviction constituted two separate convictions under § 848(a) and § 848(b) for the same conduct. While Petitioner does not extensively elaborate on his argument, Petitioner cites to the indictment which listed both § 848(a) and § 848(b) under Count Five. *See* Dkt. No. 1, Ex. A. Thus, according to Petitioner, his conviction violates the Double Jeopardy Clause. The Government responds that § 848(a) is merely a lesser included offense and that Petitioner was convicted of a single offense—that is, the greater offense. The Government's reading and application of the law is correct. The Second Circuit has held that § 848(a) is a lesser included offense of § 848(b). *See United States v. Torres*, 901 F.2d 205, 240-41 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). Here, Petitioner was convicted only of the greater offense, that is, § 848(b). The indictment and special verdict form did reference § 848(a), but only because a conviction under § 848(b) requires proving the elements of § 848(a) as well. *See* No. 90-cr-0047 (S.D.N.Y. Jan. 30, 2018), Dkt. No. 192 at 56 (special verdict form).

Second, Petitioner alludes to an argument that the jury was required to unanimously find each element of the CCE offense. *See Torres*, 901 F.2d at 240 ("[S]ection 848(b) requires the jury to find, beyond a reasonable doubt, elements in addition to those stated in section 848(a) . . ."). However, that appears to be precisely what occurred in this case. The special verdict form

9

makes clear that the jury found against Petitioner on each of the elements of § 848(a) and § 848(b) beyond a reasonable doubt. *See* No. 90-cr-0047 (S.D.N.Y. Jan. 30, 2018), Dkt. No. 192 at 56. Moreover, the district court previously reviewed the jury instructions with respect to Petitioner's CCE offense and found that they did not entitle him to relief. *See Yu*, 183 F. Supp. 2d at 664 (finding jury instructions with respect to the CCE offense improper but holding that the error was harmless).

Petitioner alludes to the Supreme Court's 2005 decision in *United States v. Booker* and the current sentencing guidelines with respect to his CCE offense. In *Booker*, the Supreme Court held that the Federal Sentencing Guidelines were advisory. 543 U.S. 220 (2005). Moreover, 18 U.S.C. § 3582(c)(2) grants courts discretion to resentence defendants when the applicable sentencing range has been subsequently lowered. However, *Booker* and § 3582 do not help Petitioner even if the writ were a proper vehicle pursuant for him to bring his claims. Petitioner's sentence for his CCE conviction was not determined by the sentencing guidelines. It was based on the law, in particular, the statutory language of § 848 as written by Congress. Petitioner faced a congressionally-mandated life sentence because a jury found against him on all of the elements in § 848(a) *and* § 848(b) beyond a reasonable doubt. The text of § 848(b) determined Petitioner's sentence in this case, not the sentencing guidelines. That reason was precisely why Judge Sweet lacked any discretion in sentencing Petitioner to a lesser sentence.

## CONCLUSION

For the foregoing reasons, the Petition is DENIED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Mason*, 2019 WL 1594244, at *3.

The Clerk of the Court is respectfully directed to terminate the Petition at Dkt. No. 1.

SO ORDERED.

Dated: March 16, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge